**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NICHOLAS JOSEPH STANLEY,
D.O.C. # V44666,**

    **Plaintiff,**

vs.                                                                   Case No.  4:21cv198-WS-MAF

**MARK INCH, SECRETARY,
FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

In October 12, 2021, an Order was entered permitting the pro se Plaintiff to proceed without payment of the assessed initial filing fee. ECF Nos. 12-13. That Order also explained to Plaintiff the various deficiencies of his amended complaint, ECF No. 6, and directed him to file a second amended complaint if there was a basis to do so. ECF No. 14 at 6.

In response, Plaintiff has simultaneously filed a second amended complaint, ECF No. 14, and a "notice of inquiry & voluntary dismissal upon review," ECF No. 15. It appears that Plaintiff submitted a notice of

voluntary dismissal in case, after the Court's review of his complaint, it is deemed insufficient. ECF No. 15. That is not how it works. Plaintiff may *either* file a notice of voluntary dismissal or, in the *alternative*, Plaintiff may file a complaint to be reviewed. It is not appropriate to file both documents at the same time.

Moreover, the prior Order, ECF No. 13, explained the various problems with Plaintiff's first amended complaint. The issues and deficiencies were outlined so that Plaintiff could determine for himself whether to proceed with this case or dismiss it. Despite the information provided, Plaintiff is once again asking this Court to review his complaint in an advisory capacity. That invitation is declined. The second amended complaint has been reviewed to determine whether it states a claim upon which relief may be granted.

Previously, Plaintiff was informed (*see* ECF No. 13) that his claim of "battery on a disabled person" was insufficient because Plaintiff did not explain how he was injured or who was responsible for his injury. Rather, Plaintiff made only a conclusory assertion of "battery on a disabled person." Review of Plaintiff's second amended complaint reveals that it suffers from the same deficiency. Plaintiff does not state who allegedly battered him,

the circumstances of that incident, or indicate how he was injured, if he suffered an injury.  ECF No. 14 at 8.  He does not state whether he was injured by another inmate or by an officer.  Accordingly, the claim is insufficient as alleged.  Moreover, Plaintiff indicates that the "battery" occurred while Plaintiff was housed at the Central Florida Reception Center.  ECF No. 14 at 8.  However, he has not named any official as a Defendant who is employed at that facility.  Thus, the second amended complaint is insufficient as to that claim.

Plaintiff's other claims are also insufficient to proceed.  Plaintiff has alleged a negligence claim for the mishandling or misdelivery of his mail. ECF No. 14 at 5.  He contends that mail included "personally identifiable information" from his "Veteran Affairs file" which is protected under HIPAA. *Id.*  Yet once again, as Plaintiff was previously informed, *see* ECF No. 13, such a claim is insufficient.  Despite the guidance given to him, Plaintiff still has not presented any facts which demonstrate that any specific person intentionally interfered with Plaintiff's receipt of his mail.

Plaintiff was previously informed that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833,

118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); <u>Daniels v. Williams</u>, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Allegations of "mishandled and misdelivered" mail suggest nothing more than negligence by state officials, yet once again, the second amended complaint remains insufficient on its face because Plaintiff has alleged only negligence.  ECF No. 14 at 5-6.

In addition, Plaintiff cannot bring a claim in this case for a HIPAA violation.  The Eleventh Circuit Court of Appeals has made clear that "HIPAA contains no express provision creating a private cause of action." <u>Sneed v. Pan Am. Hosp.</u>, 370 F. App'x 47, 50 (11th Cir. 2010).  Thus, Plaintiff's allegation of a HIPAA violation does not present a right that is "enforceable through § 1983."  <u>Sneed</u>, 370 F. App'x at 50.  Accordingly, this case should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2021.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**